**UNITED STATES of America, Appellee,**

v.

**Donald WARREN, Appellant.**

**No. 86–1322.**

United States Court of Appeals, Eighth Circuit.

March 31, 1986.

R. Thomas Day, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Daniel E. Meuleman, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

## ORDER

Donald Warren appeals from a final order entered in the District Court[1] for the Eastern District of Missouri granting the government's motion to detain him pending trial. The district court concluded that no terms of conditional release would reasonably assure the safety of the community. For the reasons discussed below, we affirm.

Appellant was indicted and charged with two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). According to the government, appellant on two occasions sold small amounts of cocaine to an undercover officer. The maximum term of imprisonment for the offenses charged is fifteen years for each count. The government filed a motion for a detention hearing. A detention hearing was held before a federal magistrate on February 3, 1986. The government produced evidence of appellant's criminal record. His record consists of 23 adult incidents and convictions for second degree burglary and shooting into a dwelling in 1973, carrying a concealed weapon in 1978 and receiving stolen property in 1983, and he was on probation at the time he committed the offenses charged. Appellant did not dispute the government's evidence about his criminal record and stated that he had been released on bond before and had not fled. Appellant argued that the government's evidence of dangerousness was stale and that there was no evidence showing that he was dangerous to the community at the present time. The magistrate[2] granted the government's motion for pre-trial detention on February 11, 1986.

Appellant then filed a motion for review. At a hearing on February 28, 1986, appellant presented additional evidence relevant primarily to risk of flight rather than dangerousness. On March 3, 1986, the district court denied the motion for review, upholding the magistrate's detention order. This appeal followed.

We have carefully reviewed the record and affirm the pretrial detention order of the district court. The statutory presumption and the government's evidence of appellant's criminal record, including prior convictions involving the use of firearms, constituted clear and convincing evidence sufficient to support a detention order on the grounds that no condition or combination of conditions will reasonably assure the safety of any other person and the community under 18 U.S.C. § 3142(f). *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986).

Accordingly, the detention order of the district court is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I do not agree the government established that no condition or combination of conditions will reasonably assure the safety of any other person and the community under 18 U.S.C. § 3142(f) by "clear and convincing evidence" sufficient to support the pretrial detention order. Accordingly, I would reverse the detention order and remand to the district court with directions to consider and set conditions of release.

In my opinion the present case is not an appropriate one for pre-trial detention on the grounds of dangerousness to the community.[1] According to the government, while on probation for receiving stolen property, appellant sold relatively small amounts of cocaine on two occasions to an undercover officer. The maximum term of imprisonment for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) is fifteen years. Under 18 U.S.C. § 3142(e) probable cause to believe appellant committed these offenses raises a rebuttable presumption that no condition or combination of condi-

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Carol E. Jackson, United States Magistrate for the Eastern District of Missouri.

1. Risk of flight was not a factor in the denial of pre-trial release in the present case; appellant presented evidence about his personal history and characteristics, his family ties, his employment history, and his prior appearance record, including the willingness of his mother to accept supervisory responsibility.

tions will reasonably assure the appearance of appellant as required and the safety of the community.

The government also introduced evidence of appellant's extensive criminal record. Appellant does not dispute that he has an extensive criminal record, which included numerous arrests as a juvenile and as an adult, but only three convictions (the 1973 convictions for second degree burglary and shooting into a dwelling, the 1978 conviction for carrying a concealed weapon, and the 1983 conviction for receiving stolen property) as well as several recent arrests for various traffic violations.

Pre-trial detention is an extreme measure which, at least in my view, has been sought by the government too frequently and has been imposed by the district courts too readily. I do not believe that appellant falls within the limited category of defendants whom Congress intended would be subject to pre-trial detention, that is, "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." S.Rep. No. 225, 98th Cong., 1st Sess. 6–7 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad. News 3182, 3189.

The offenses charged are serious and do raise a rebuttable presumption of dangerousness, but "the fact that [appellant] is charged with an offense described in subsection (f)(1)(A) through (C) is not, in itself, sufficient to support a detention order." *Id.* at 21, *reprinted in* 1984 U.S.Code Cong. & Ad.News at 3204. Moreover, the offenses were passive transactions involving relatively small amounts of cocaine. There was no evidence that appellant would continue to engage in the distribution of cocaine if released pending trial.

Nor was there any evidence that the undercover transactions involved firearms or weapons or that appellant possessed firearms at that time or when he was arrested. *Cf. United States v. Ridinger*, 623 F.Supp. 1386, 1392–93 (W.D.Mo.1985) (drug

defendant's possession of guns alone is not necessarily "clear and convincing evidence" sufficient to support detention order). Of appellant's convictions for offenses involving the use of firearms, two offenses occurred in 1972 and the most recent one in 1977. There was no evidence that appellant had threatened or intimidated, or attempted to threaten or intimidate, potential witnesses or prospective jurors or would be likely to obstruct justice if released pending trial.

Under these circumstances, I cannot agree that the government established dangerousness by the requisite clear and convincing evidence. For this reason, I would reverse the detention order and remand to the district court with directions to consider and set conditions of release.