UNITED STATES of America, Appellee,

v.

Joseph Michael SAZENSKI, Appellant.

No. 86–5400.

United States Court of Appeals,
Eighth Circuit.

Dec. 9, 1986.

No briefs were filed in this case.

Before JOHN R. GIBSON, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

Joseph Michael Sazenski appeals from orders of the magistrate[1] and the district court[2] that he be detained pursuant to 18 U.S.C. § 3145(b) (1982). Sazenski was charged in a criminal complaint with a single count of attempted possession of 1,500 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841 and § 846. At his first appearance on the charge, a detention hearing was scheduled. Following the taking of testimony, the magistrate found that no condition or combination of conditions would reasonably assure that Sazenski would cease to be a danger to the community and that he presents a very real risk of flight if not detained. The district court conducted a de novo review and concluded that the magistrate's decision was well founded. Sazenski appeals to this court arguing that an independent review of the district court's reasoning and conclusion must result in reversal as it is clear that he is not a particularly dangerous defendant, that his release would not endanger anyone, and that a major drug offense does not establish his dangerousness. Sazenski argues that he has established a record of appearance before courts in past proceedings and roots in Minnesota that create strong ties to the community. Based upon our independent review of the record and materials before us, we affirm the order of detention.

We have the obligation to independently assess the merits of applications for release on bail pending appeal. *United States v. Maull*, 773 F.2d 1479, 1486–88 (8th Cir.1985). We recognize that the revisions of Rule 9 of the Fed.R.App.P. authorize us to consider "such papers, affidavits and portions of the record as the parties shall present." *Id.* at 1487 (quoting Fed.R.App.P. 9). Also, with respect to factual findings, we apply the clearly erroneous standard, however, ultimate questions flowing from such factual considerations must be the subject of independent review. *Id.*

We need not make a detailed statement of the magistrate's findings. Sazenski attacks primarily the ultimate questions relating to release or detention rather than the factual foundation. No argument is made that any of the facts found are clearly erroneous. Sazenski was arrested while loading marijuana that was a part of a 1,500 pound purchase with the total price in excess of $400,000. The parties contemplated a total eventual purchase of 6,000 pounds. There was considerable testimony concerning Sazenski's net worth: a one million dollar profit from importing twelve tons of marijuana the year before and his part ownership of a helicopter, Lear jet, and Beech turbo prop twin-engine aircraft. He was convicted of two drug offenses, one of which was reversed on appeal. The transaction involved obtaining nearly $400,-000 in a matter of a few hours, a portion of it from a twenty-four hour safety deposit box, which a person identified as Sazenski had rented in the name of Clint Hanson. Affidavits filed with this court, which we may consider, *see Maull*, 773 F.2d at 1487, establish that a driver's license issued in the name of Clint Hanson had a photograph of Sazenski attached. This license was found discarded at the Minneapolis Airport after DEA agents found a man matching Sazenski's description. There also was evidence that Sazenski had made an effort to obtain a false birth certificate, and there was testimony concerning conflicting statements about ownership of property in Oklahoma and Minnesota.

We conclude that the magistrate's findings of fact are not clearly erroneous. Based upon these findings we are satisfied that the government has established by

---

1. The Honorable Janice M. Symchych, United States Magistrate for the District of Minnesota.

2. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

clear and convincing evidence that there was no condition or set of conditions that would reasonably assure Sazenski's appearance at trial or insure the safety of the community. The statutory presumption under 18 U.S.C. § 3142(a) is one factor, but is not conclusive in our determination. This determination is not based on any possession or use of weapons by Sazenski, except insofar as it may relate to his revocation of probation some years ago. Instead, we recognize the congressional determination that large scale drug trafficking is a serious danger to the community and that a drug network has the ability to continue to function while one of its members awaits trial. *See United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985). We further recognize that either danger to the community or risk of flight is sufficient to authorize detention. *Id.; United States v. Jessup,* 757 F.2d 378, 385 (1st Cir.1985); *see also United States v. Warren,* 787 F.2d 1237, 1238 (8th Cir.1986).

The order of the district court ordering Sazenski detained pending trial is affirmed.