**UNITED STATES of America, Respondent,**

v.

**Narcisco CANTU, III, a/k/a Chicho, Petitioner.**

**No. 91–1408.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1991.

Decided June 6, 1991.

William A. McLean, Little Rock, Ark., for petitioner.

Terry L. Derden, Little Rock, Ark., for respondent.

Before FAGG and LOKEN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Narcisco Cantu, III, who is under indictment for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, appeals from a pretrial detention order issued by the district court[1] pursuant to 18 U.S.C. § 3142(e). We have jurisdiction to review the merits of such detention orders under 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. Our review is to be completed promptly, without the necessity of briefs. F.R.A.P. 9(a). We apply the clearly erroneous standard to factual findings of the district court but independently review the ultimate conclusion that detention is required because "no condition or combination of conditions will reasonably assure the appearance of the person [at trial] and the safety of any other person and the community." § 3142(e); see United States v. Maull, 773 F.2d 1479, 1486–88 (8th Cir.1985) (en banc). We affirm.

The government timely moved for a detention order at Cantu's arraignment. Following an evidentiary detention hearing, the Magistrate Judge ordered that Cantu be released upon specified conditions, see §§ 3142(c), (h). The government appealed to the district court who granted the government's motion for detention after independently reviewing the record. Cantu then appealed to this court. Without addressing the merits of the detention order, we remanded to the district court because its order did not contain the findings of fact and the statement of reasons for detention required by 18 U.S.C. § 3142(i)(1).

Upon remand, the district court again conducted an independent review of the detention hearing record and again issued a detention order. The court made findings that Cantu has a previous drug conviction; that he has twice violated the terms of his probation; that he has been indicted while still on probation for being the source of large amounts of marijuana; that the evidence against him appears to be strong and he faces a substantial prison sentence; and that he lives near the Mexican border and has worked off and on in Mexico for a number of years. The district court concluded that "virtually all of the factors listed in 18 U.S.C. § 3142(g) militate against pretrial release," and that "Cantu has failed to rebut the statutory presumption that no condition or combination of conditions of release will reasonably assure [his] appearance at trial and the safety of the community. 18 U.S.C. § 3142(e)."

---

1. The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.

On appeal, Cantu argues that the district court findings do not support detention by clear and convincing evidence as required by 18 U.S.C. § 3142(f)(2). Cantu contends that several factors favor his conditional release, pointing primarily to the unfairness in detaining him while his co-defendants are released pending trial, and the prejudice resulting from his inability to prepare for trial. Notably, however, Cantu does not contend that any of the factual findings of the district court are clearly erroneous.

Based upon the district court's findings of fact, we have independently reviewed the record. We conclude that the detention order is proper because the government has shown by clear and convincing evidence that there is no condition or set of conditions that would reasonably assure Cantu's appearance at trial and the safety of the community. As we said in *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir.1986), "we recognize the congressional determination that large scale drug trafficking is a serious danger to the community and ... that either danger to the community or risk of flight is sufficient to authorize detention."

Accordingly, we affirm.