962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Gary D. APKER, Appellant.
 No. 91-3869.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 21, 1992.
Filed: May 7, 1992.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary D. Apker appeals from the order entered in the District Court for the District of Nebraska[1] granting the government's motion for revocation of a previous order of the magistrate judge[2] which granted Apker's release pending trial. We affirm the District Court's order.
 
 
 2
 Apker is charged in two multi-count indictments with various offenses, including conspiracy to distribute five kilograms or more of methamphetamine, possession with intent to distribute methamphetamine, continuing criminal enterprise, and money laundering. He faces thirty years to life imprisonment on these charges. Apker has been detained pending trial since October 17, 1990. He is 49 years old, has not been employed for some time, and has a history of prior criminal conduct, including at least one conviction on a controlled substances charge. At the time of his arrest in this case, authorities seized from Apker's residence a firearm with a silencer, approximately twenty-five pounds of methamphetamine, and about $230,000 in cash. Law enforcement authorities obtained highly incriminating evidence against Apker through state and federal wiretaps.
 
 
 3
 Pretrial detention is required if there are no conditions of release that can reasonably assure the accused will not pose a risk of flight or a danger to the community. 18 U.S.C.A. § 3142(e) (West Supp. 1991). Where there is probable cause to believe the accused committed a drug offense carrying a maximum term of imprisonment of at least ten years, as in this case, a rebuttable presumption arises that no conditions of release will be sufficient to reasonably assure the accused will not flee or commit further offenses. Id.
 
 
 4
 Following the initial detention hearing, the magistrate judge concluded there were no conditions of release that could reasonably assure Apker would not flee or continue dealing drugs. Apker subsequently moved for reconsideration and the magistrate judge again found continued detention appropriate because the weight of the evidence against Apker was strong. The magistrate judge also doubted the effectiveness of electronic monitoring in this case because Apker had used "sophisticated means of avoiding detection in the past" (e.g., a motion detector and a hidden safe). Apker filed the instant motion for pretrial release on September 26, 1991, asserting that his continued detention was unconstitutional and in violation of the Act because he posed neither a risk of flight nor a danger to the community.
 
 
 5
 A hearing was held on the instant motion on October 16, 1991. Before the magistrate judge ruled, hearings were held on October 28 and 29 regarding a motion by Apker to suppress evidence. The magistrate judge heard evidence that investigators listened to and recorded telephone conversations before they had court authorization for the wiretap. The officer involved characterized the activity as standard procedure and as merely an audio test from which no substantive information was acquired or retained. The magistrate judge found this information "startling and disturbing."
 
 
 6
 On November 12, the magistrate judge reconvened the hearing on Apker's motion for pretrial release. Evidence showed that Apker had reconciled with his wife, from whom he had been separated at the time of his arrest and at the time of the previous detention orders, that she had a steady, responsible job earning $24,000 annually, and that she was willing to support Apker and serve as a third-party custodian if he were released. Because the evidence revealed during the suppression hearing "seriously jeopardized" the case against Apker, the magistrate judge found that "the weight of the evidence against [him was] no longer nearly as strong as it was at the time" of the previous detention orders and, thus, Apker was no longer a serious flight risk. The magistrate judge also found that, given the willingness of Apker's wife to support him, Apker was no longer a danger to the community because he would not need to sell drugs to support himself. The magistrate judge ordered that Apker would be released subject to stringent conditions (including home confinement with no unapproved visitors, electronic monitoring, drug testing, and consent to searches of his home and person) on November 15, unless the government appealed before the close of business on November 14. On November 14, the government filed a motion for revocation of the release order and Apker's release was stayed. The district court granted the government's motion on December 13, concluding that the magistrate judge erred in disregarding the challenged evidence against Apker before the evidence was found inadmissible by a final order of the court.
 
 
 7
 The weight of the evidence against the accused is one of the factors to be considered in ruling on a motion for pretrial release. 18 U.S.C.A. § 3142(g)(2) (West Supp. 1991). We agree with the district court that it is appropriate to consider challenged evidence in detention hearings. See 18 U.S.C.A. § 3142(f) (West 1985 & Supp. 1991) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); United States v. Angiulo, 755 F.2d 969, 974 (1st Cir. 1985) (challenged information obtained via electronic surveillance may be considered regarding detention rulings at least until court determines information was illegally obtained). We conclude the district court did not err in finding that Apker's continued detention was warranted under the Act because he poses an unmanageable risk of flight.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable Richard G. Kopf, United States Magistrate Judge for the District of Nebraska