Aaron HEADSPETH, Petitioner,

v.

Joyce K. CONLEY, Warden,
Respondent.

No. Civ.A. 5:99–0485.

United States District Court,
S.D. West Virginia,
Beckley Division.

Jan. 4, 2001.

Aaron Headspeth, petitioner pro se.

Michael L. Keller, Assistant United States Attorney, Charleston, WV, for respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The petition was previously referred to the Honorable Mary S. Feinberg, United States Magistrate Judge, who has submitted her Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Petitioner has filed

objections to the Findings and Recommendation. Following a *de novo* review of the portions of the Magistrate Judge's Findings and Recommendation to which Petitioner objects, the Court concludes Petitioner's objections are without merit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted on February 3, 1987 for illegal possession of an unregistered firearm (Count One) and possession of a firearm by a convicted felon (Count Two). On February 21, 1987 he was arrested on state charges and detained by Maryland authorities. While in state custody, federal writs of *habeas corpus ad prosequendum* were issued to secure his appearance to answer the federal charges. On March 11, 1987, at the conclusion of a federal detention hearing, Headspeth was detained in federal custody for twelve days. On March 23, 1987 he was sentenced by the State of Maryland and remanded to state custody. Following a trial in federal court, on July 23, 1987 he was sentenced to imprisonment for ten years on Count One and fifteen years on Count Two to run concurrently, for a total of fifteen years imprisonment.

In its judgment, the District Court of Maryland recommended "that the Attorney General designate the Maryland Department of Corrections to be the place of service of this sentence, thereby making this sentence concurrent with the state sentence presently being served by the defendant." (Resp't's Resp. to Ord. to Show Cause, Ex. B.) The Bureau of Prisons agreed and made a *nunc pro tunc* designation of the Maryland Department of Corrections as the place for service of Petitioner's federal sentence. On August 27, 1987 Headspeth completed his state sentence. Maryland released him the same day into federal custody.

The Court of Appeals affirmed the conviction and sentence on Count One, but vacated the fifteen-year sentence on Count Two. *See United States v. Headspeth,* 852 F.2d 753 (4th Cir.1988). On remand for resentencing, the district court imposed a five year sentence on Count Two consecutive to Count One, again aggregating a total of fifteen years.

Petitioner now challenges the Bureau of Prison's calculation of his sentence. First, he argues he should be credited with 153 days, apparently from February 21, 1987 when he was first placed in state custody until July 23, 1987, when he was sentenced on the federal violations. Further, because he was initially sentenced concurrently on two counts, ten years on the first and fifteen years on the second, he believes he should receive credit of 153 days on both sentences, or a total presentence custodial credit of 306 days. Next Petitioner claims that, from the time he was sentenced until his case was remanded and he was resentenced, he served 404 days on the two sentences, but the Bureau of Prisons failed to credit him with 404 days on the vacated Count Two sentence.

## II. DISCUSSION

### A. Purported $^{153}\!/_{306}$ Days' Presentence Credit

Petitioner's sentence is governed by 18 U.S.C. § 3568 (repealed), which applies to offenses committed before November 1, 1987. *See Randall v. Whelan,* 938 F.2d 522, 524 n. 1 (4th Cir.1991). That section provided, in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence *for any days spent in custody in connection with the offense or acts for which sentence was imposed....* If any such person shall be committed to a jail or other such place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to

run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (1982) (emphasis added).

■ From February 21 to March 11, 1987, Petitioner was in state custody. This custody was not "in connection with" his federal violation and, therefore, he is due no credit for it on his federal sentence. On March 11, 1987, Petitioner was ordered detained by a federal magistrate judge and was so detained until he was sentenced on his pending state charges on March 23, 1987. Petitioner received twelve days of prior custody credit for this period in federal custody. (Resp't's Resp. to Ord. to Show Cause, Ex. D.)

■ Beginning on March 23, 1987, Petitioner was returned to complete his state sentence in state custody. That state sentence was unrelated to the federal charge and Petitioner is not entitled to credit for it. *See* 18 U.S.C. § 3568; *see also Willis v. United States*, 438 F.2d 923, 925 (5th Cir.1971) (prisoner not entitled to time serving state sentence for offenses unrelated to the federal charge); *Radcliffe v. Clark*, 451 F.2d 250, 252 (5th Cir.1971).

Petitioner has received full credit for all presentence time properly creditable on his federal sentence pursuant to Section 3568 from the date he was incarcerated by state authorities until he began serving his federal sentence on July 23, 1987, the date the federal sentence was imposed. Petitioner is entitled to no additional prior custody credit, beyond the twelve days already credited.

■ Petitioner objects, however, that he should be credited with presentence time for both sentences, citing the Sentence Computation Manual: "Presentence time credit shall not be given for any time spent serving another sentence, either federal or non-federal, except presentence time credit and time spent serving a sentence that is vacated shall be credit*able* toward another sentence if the later sentence is based on the same charges that led to the prior, vacated sentence." Sentence Computation Manual VI.7.b(2) (emphasis added).[1] Presentence time credit is "that period of time to which an individual is entitled pursuant to 18 U.S.C. § 3568." *Id.* VI.1. Section 3568, as quoted above, provides no mechanism for allocating time served before sentencing among various counts with which a defendant is charged, nor for counting any day of jail time more than once. Petitioner was credited the twelve days spent in federal custody toward his sentence on Count One. Under section VI.7.b(2) the credited presentence time on Count One, "time spent serving another sentence," may not be credited toward the sentence on Count Two. Therefore, Petitioner is not due an additional twelve days' presentence credit.

## B. 404 Days' Sentence Credit on Count Two

■ Petitioner argues 404 days should be applied to his consecutive five-year sentence on Count Two for the time served when his sentences on Counts One and Two ran concurrently. Petitioner had served 404 days when he was resentenced after the Fourth Circuit vacated his fifteen-year concurrent sentence on Count Two and remanded the case to the district court. Petitioner was credited 404 days on the ten-year sentence on Count One.

Program Statement 5880.30, *Sentence Computation Manual* (1994), provides:

In those cases when a court vacates only the sentence and then resentences the defendant to the same or a shorter sentence, the sentence shall be computed as commencing on the date of the original computation and remain in the same

---

1. Petitioner mistakenly quotes the passage as stating "time ... shall be *credited* [.]" (Pet.'s Objections at 2.)

sequence as originally imposed in relation to other sentences *unless the court orders that the new sentence be served in a different sequence.*

Sentence Computation Manual § 5880.30 (emphasis added). Petitioner does not dispute that this directive controls computation of his sentence. Based on this directive, Petitioner's original sentence on Count One continued to run from the original date of imposition, July 23, 1987. However, because the consecutive five-year sentence on Count Two was ordered to run in a different sequence from the original fifteen-year concurrent sentence, it commenced at the conclusion of the ten-year sentence. Therefore, Petitioner is not entitled to credit on the consecutive five-year sentence for the 404 days served prior to resentencing. Clearly, it would be contrary to the intent of the sentencing court and the later Amended Judgment and Commitment Order to credit Petitioner with time served on a sentence ordered to be consecutive, rather than concurrent, deliberately chosen to effectuate a total sentence of fifteen years.[2]

Accordingly, the Court accepts and incorporates herein the Magistrate Judge's Report–Recommendation. The petition for habeas corpus relief is **DENIED.**

---

**2.** In *Allen v. Crabtree,* 153 F.3d 1030 (9th Cir.1998), *cert. denied,* 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999), the court upheld the manner in which the Bureau of Prisons computes vacated sentences as outlined in its program statement under *Chevron,* U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), determining it had a duty to respect the legitimate policy choices of the Bureau.