# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3384

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Vineet Maheshwari, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 30, 2009
Filed: January 4, 2010

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Vineet Maheshwari seeks reversal of his pretrial detention. Maheshwari is presently under indictment for creating false immigration records. We affirm the district court's[1] order of detention.

After Maheshwari's arrest on February 11, 2009, the government moved for an order of detention on the grounds that Maheshwari was a serious flight risk. The

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

magistrate judge[2] ordered Maheshwari detained on February 13.  Maheshwari then filed a motion for a detention hearing.  He stated that he had waived the prior detention hearing because of his discovery of an immigration detainer.  Treating this motion for a detention hearing as a request for a bond review hearing, the magistrate judge conducted the hearing on February 20, after which the magistrate judge declined Maheshwari's request to be released on bond with conditions.

Maheshwari obtained new counsel and sought reconsideration of the February 13 detention order.  Another bond review hearing was conducted on March 6 and March 9.  Again, the magistrate judge denied the request, holding that detention was necessary to avoid flight and to reasonably assure Maheshwari's attendance at trial.  Maheshwari moved the district court for revocation of the detention order.  After an October 8 status conference held before the district judge, the district court denied revocation of the order of detention.  This appeal followed.

We maintain jurisdiction of this appeal pursuant to 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure.  We review this matter promptly, without briefing.  We apply a clearly erroneous standard of review to the factual determinations made by the district court, however we independently review the ultimate detention conclusion.  United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (per curiam).  When claiming that a pretrial defendant poses a flight risk, the government's evidentiary burden is preponderance of the evidence. 18 U.S.C. § 3142(f); United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc).

The district judge and magistrate judge found Maheshwari to be a flight risk based on the following facts.  Maheshwari is an Indian native present in the United States on a visa.  Shortly after he was indicted, Maheshwari's family removed $50,000

_____

[2]The Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa.

in cash from an account, and it is unclear where the cash is presently located. Also, Maheshwari told a coworker that if something bad were to ever happen to him in the United States that he could return to India or Pakistan and "live like a king." Further, Maheshwari has been a frequent international traveler since he arrived in the United States, he has sent large sums of money outside of the United States, and his immigration status is in jeopardy if he is convicted in this matter.

Based on these facts, the district court determined that the government met its burden of proving there was no condition or set of conditions that would reasonably assure Maheshwari's attendance at trial. Like the district court, we are also troubled by the significant sums of money that were withdrawn, Maheshwari's comments about returning to India or Pakistan, and his frequent travel abroad. Having independently reviewed the record, we agree with the district court's determination that pretrial detention is appropriate to reasonably assure that Maheshwari will not flee the country to avoid prosecution.

Maheshwari raises a concern that the district court's decision on his motion for revocation of the magistrate judge's February 13 detention order was delayed for several months and therefore did not meet the requirement that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145(b). While the delay is significant, it is clear from the record that this was merely an oversight by the district court and not intentional. In addressing the time requirement of a hearing under 18 U.S.C. § 3142(f), the Supreme Court held that "the Act is silent on the issue of a remedy for violations of its time limits. Neither the timing requirements nor any other part of the Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained." United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). The Supreme Court reasoned that adopting a rule that would result in an "[a]utomatic release contravenes the object of the statute, to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." Id. at 720. This reasoning is

applicable here, and therefore, despite the significant delay in the district court's review of the magistrate judge's detention order, we reject Maheshwari's request that he be released as a result of that delay.

Accordingly, we affirm the order of detention. We further deny all pending motions related to this case.

————————————————