# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3383

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Fazal Mehmood, also known as | * | |
| Fazal Mehmood Awan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 30, 2009
Filed: January 4, 2010

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Fazal Mehmood appeals his pretrial detention. Mehmood is under indictment for multiple violations including conspiracy to commit visa fraud, misuse of a social security card, creating false immigration records, wire fraud, and visa fraud. We affirm the district court's[1] order of detention.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

After Mehmood's arrest on February 11, 2009, the government moved for an order of detention on the grounds that Mehmood was a serious flight risk. The magistrate judge[2] ordered Mehmood detained on February 13. Mehmood then filed a motion for a detention hearing. He stated that he had waived the prior detention hearing because of his discovery of an immigration detainer. Treating this motion for a detention hearing as a request for a bond review hearing, the magistrate judge conducted the hearing on February 20, after which the magistrate judge declined Mehmood's request to be released on bond with conditions.

Mehmood obtained new counsel and sought reconsideration of the February 13 detention order. Another bond review hearing was conducted on March 6 and March 9. Again, the magistrate judge denied the request, holding that detention was necessary to avoid flight and to reasonably assure Mehmood's attendance at trial. Undeterred, on March 26, Mehmood moved the district court to revoke the detention order entered by the magistrate judge. According to the district court docket sheet, this motion was referred to the magistrate judge. After an amendment to the motion, Mehmood filed a request that the district court reconsider the detention order, noting that no ruling had been made on the March 26 motion. The August 31 motion was also referred to the magistrate judge, but he declined to rule on it because of the pending appeal of his February 13 detention order to the district court. After an October 8 status conference held before the district judge, at which Mehmood requested that the district court rule on his appeal of the magistrate judge's February 13 detention order, the district court denied revocation of the order of detention. This appeal followed.

We maintain jurisdiction of this appeal pursuant to 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. We review this matter promptly,

---

[2]The Honorable Thomas J. Shields, United States Magistrate Judge for the Southern District of Iowa.

without briefing. We apply a clearly erroneous standard of review to the factual determinations made by the district court, however we independently review the ultimate detention conclusion. United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (per curiam). When claiming that a pretrial defendant poses a flight risk, the government's evidentiary burden is preponderance of the evidence. 18 U.S.C. § 3142(f); United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc).

The district judge and magistrate judge found Mehmood to be a flight risk based on the following facts. Mehmood, a Pakistani native, has resided in the United States for 18 years and is a permanent resident. Mehmood has applied for two separate social security cards in two different names. He holds property in Canada, has a Canadian social security card, and maintains unreported bank accounts in Canada. Since arriving in the United States, Mehmood has been a frequent international traveler, and his immigration status is in jeopardy if he is convicted in this matter.

Based on these facts, the district court determined that the government met its burden of proving there was no condition or set of conditions that would reasonably assure Mehmood's attendance at trial. Of notable concern was the aliases Mehmood used to obtain two different social security cards and Mehmood's property and financial interests in Canada. Having independently reviewed the record, we agree with the district court's determination that pretrial detention is appropriate to reasonably assure that Mehmood will not flee the country to avoid prosecution.

Mehmood raises a concern that the district court's decision on his motion for revocation of the magistrate judge's February 13 detention order was delayed for several months and therefore did not meet the requirement that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145(b). While the delay is significant, it is clear from the record that this was merely an oversight by the district court and not intentional. In addressing the time requirement of a hearing under 18 U.S.C.

§ 3142(f), the Supreme Court held that "the Act is silent on the issue of a remedy for violations of its time limits. Neither the timing requirements nor any other part of the Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained." United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). The Supreme Court reasoned that adopting a rule that would result in an "[a]utomatic release contravenes the object of the statute, to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." Id. at 720. This reasoning is applicable here, and therefore, despite the significant delay in the district court's review of the magistrate judge's detention order, we reject Mehmood's request that he be released as a result of that delay.

Accordingly, we affirm the order of detention. We further deny all pending motions related to this case.

_____