**UNITED STATES of America,**
**Plaintiff,**

v.

**Dustin DIMMICK, Defendant.**

**No. CR14–3041–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Signed Jan. 30, 2015.

Shawn Stephen Wehde, U.S. Attorney's Office, Sioux City, IA, for Plaintiff.

Jim K. McGough, Omaha, NE, for Defendant.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

### I. INTRODUCTION

This case came before me on January 28, 2015, for hearing on defendant Dustin Dimmick's motion (Doc. No. 12) for release. Assistant United States Attorney Shawn Wehde appeared on behalf of the plaintiff (the Government). Dimmick appeared in person and with his attorney, Jim McGough. Neither party called witnesses but Dimmick proffered information through counsel. No exhibits were offered. I have also considered the information contained in the Pretrial Services Report (Doc. No. 15).

### II. PROCEDURAL HISTORY

On July 24, 2014, Dimmick was charged by indictment (Doc. No. 2) with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On December 10, 2014, the Government filed a motion (Doc. No. 6) for writ of habeas corpus ad prosequendum (Writ), as Dimmick was in the custody of the South Dakota Department of Corrections (SDDC). I entered an order (Doc. No. 8) granting the motion and the Writ (Doc. No. 8–1) was issued the same day. On January 13, 2015, Dimmick was placed into the custody of the United States Marshals Service. Doc. No. 9. According to the terms of the Writ, Dimmick is to be returned to the SDDC "upon completion of all proceedings and processing of this cause." Doc. No. 8–1.

Dimmick's initial appearance and arraignment in this case occurred on January 15, 2015. At that time, trial was set for March 2, 2015, and the Government requested that Dimmick be detained in federal custody pending trial. Dimmick, through counsel, requested that he be released from federal custody and returned to SDDC custody because of an upcoming parole hearing. I ordered temporary detention to allow the parties to gather further information about the status of the South Dakota parole proceedings. On January 21, 2015, Dimmick filed his motion (Doc. No. 12) for release, formally requesting that he be returned to the custody of the SDDC. The Government filed a resistance (Doc. No. 13) on January 22, 2015. As noted above, I conducted a hearing on January 28, 2015, and then took the matter under advisement.

### III. DISCUSSION

Dimmick argues he should be released to the custody of the SDDC. He contends he is soon eligible for a parole hearing in South Dakota but that he must first complete certain treatment programs provided through the SDDC. As such, he requests that I release him from federal custody so he can return to the SDDC, complete these programs and attend his parole hearing.

Dimmick's motion cites no legal authorities. Nor does it describe any legal standard under which I should consider his request for release. Thus, at the beginning of the hearing I asked counsel for both parties to address the legal framework for resolving the motion. Counsel for the Government argued that this situation is effectively no different than any other case in which pretrial detention is in dispute. That is, Dimmick is in federal custody, having been indicted for a federal offense, and the question of whether he remains in federal custody pending trial should be resolved pursuant to the Bail Reform Act, 18 U.S.C. § 3142.

Dimmick's counsel disagreed. He distinguished this situation factually by not-

ing that Dimmick will not be released, even if he is released from *federal* custody. In other words, an order releasing him in this case would cause him to be returned to state custody, not freed. Thus, it is Dimmick's position that the usual "risk of flight" and "danger to the community" analyses do not apply. However, Dimmick's counsel acknowledged that he is not aware of any legal standard apart from Section 3142 that I should apply in considering the motion.

As I will discuss below, I conclude that Dimmick's appearance on a Writ does not affect the legal analysis. Instead, and as in any other federal criminal case, his release from federal custody pending trial is governed by Section 3142. Applying the factors set forth in that statute, I find that Dimmick must remain in federal custody.

### A. Release or Detention Under A Writ of Habeas Corpus Ad Prosequendum

■ A federal court has the power to issue a writ of habeas corpus ad prosequendum in order to bring a prisoner from one jurisdiction to another when it is necessary to bring the prisoner into court to prosecute, for hearings or to testify. *Munz v. Michael,* 28 F.3d 795, 798 n. 3 (8th Cir.1994); 28 U.S.C. § 2241(c)(5). The Writ allows temporary custody of a prisoner until the completion of the federal criminal proceedings and a prisoner has no standing to challenge the Writ. *Derengowski v. U.S. Marshal, Minneapolis Office, Minn. Div.,* 377 F.2d 223, 224 (8th Cir. 1967). The Eighth Circuit Court of Appeals has held that a Writ is distinct from a detainer and, therefore, is not subject to the requirements imposed by the Interstate Agreement on Detainers. *United States v. Harris,* 566 F.2d 610, 614 (8th Cir.1977).

■ Section 3142 addresses the question of whether a defendant in a federal criminal case should be released or de-

tained pending trial. 18 U.S.C. § 3142. A defendant appearing in federal court on a Writ, however, is usually a prisoner elsewhere, such as in the custody of a state corrections agency. Thus, no "release" in a traditional sense (*i.e.,* the restoration of liberty) is possible. The question, instead, is whether the defendant stays in federal custody or returns to state custody while awaiting trial. In that situation, does Section 3142 still apply?

Federal courts addressing the situation have answered "yes." For example, in *United States v. Troedel,* No. 2:12–cr–81–FtM–29DNF, 2012 WL 4792457 (M.D.Fla. Oct. 9, 2012), a magistrate judge refused to conduct a detention hearing on grounds that the defendant was not "eligible" for release, as he was an inmate at a county jail appearing on a Writ. *Id.* at *1. On review, the district judge vacated the detention order and recommitted the issue to the magistrate judge for a detention hearing, stating:

> In this case, defendant's presence in federal court was obtained by a writ of habeas corpus ad prosequendum. "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary ... A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti,* 621 F.2d 691, 693 (5th Cir.1980). Nothing in [Section 3142] disqualifies such a person from receiving a detention hearing. *United States v. Butler,* 165 F.R.D. 68, 70 (N.D.Ohio 1996); *United States v. Hayes,* No. CR–07–45–HE, 2007 WL 708803 (W.D.Okla. Mar. 2, 2007). Other cases have referred to a detention hearing having been held in such situations without adverse comment. *E.g., United*

*States v. Forrest,* 402 F.3d 678 (6th Cir. 2005); *Headspeth v. Conley,* 126 F.Supp.2d 1004 (S.D.W.Va.2001).

The Court concludes that defendant is entitled to a hearing on the issue of release or detention, and if detention is sought, to a detention hearing under § 3142(f). The Court expresses no opinion as to whether defendant should be detained or released, only that he is entitled to a hearing to address the issues.

*Id.* at *1–2.[1]

I have located no authority suggesting otherwise. Nor am I independently able to conclude that Section 3142 should not apply to a federal criminal defendant who appears on a Writ. Neither Section 3142 nor any other statute creates an exception for defendants appearing by Writ. Thus, I will analyze Dimmick's motion for release pursuant to Section 3142.

### B. The Section 3142 Analysis

#### 1. Applicable Standards

A request to detain a defendant pending trial triggers a two-step inquiry. First, I must determine whether the Government is entitled to seek pretrial detention. *See* 18 U.S.C. § 3142(f)(2). The Government must prove by a preponderance of the evidence that the case involves either (a) an offense listed in Section 3142(f)(1) or (b) the defendant presents certain risk factors, as identified in Section 3142(f)(2). *Id.; see also United States v. Fonville,* No. 14–MJ–241, 2014 WL 5410319 (N.D.Iowa October 22, 2014).

█ Second, if a request for pretrial detention is authorized I must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the

community. 18 U.S.C. § 3142(e). A defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker,* 964 F.2d 742, 743 (8th Cir.1992) (per curiam); *United States v. Sazenski,* 806 F.2d 846, 848 (8th Cir. 1986) (per curiam). Here, Dimmick is charged with possession of a firearm by a felon. That charge carries no presumption of detention. 18 U.S.C. § 3142(e). The Government bears the burden of proving risk of flight by a preponderance of the evidence and/or proving dangerousness by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Orta,* 760 F.2d 887, 890–91, n. 20 (8th Cir.1985) (en banc).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety the community, I must apply the factors outlined in Section 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. I must then determine whether any of the conditions in Section 3142(c) can reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e); *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985) (en banc).

#### 2. Analysis

##### a. Does The Government Have The Right To Seek Detention?

Dimmick is charged with violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. This charge falls

---

**1.** As indicated in this quotation, that same conclusion was reached by other federal district courts in *Butler,* 165 F.R.D. at 70, and *Hayes,* 2007 WL 708803, at *1.

within Section 3142(f)(1), as it is a felony that "involves the possession ... of a firearm." *See* 18 U.S.C. § 3142(f)(1)(E). The Government is entitled to seek pretrial detention.

### b. Is Pretrial Detention And A Denial Of The Motion Warranted?

■ Before considering the Section 3142(g) factors, I note that Dimmick's primary argument appears to be that he will not be a risk of flight or danger to the community if released from federal custody because he would immediately return to state custody. He notes that the Attorney General may file a detainer with the SDDC to ensure that Dimmick is not released from custody even if granted parole. Thus, he contends that the Government cannot meet its burden of proof with regard to either prong of the detention analysis.

I disagree. Dimmick's argument, if adopted, would effectively mandate pretrial release from federal custody for any defendant appearing on a Writ. Moreover, the factors itemized in Section 3142(g) make no reference to the defendant's custodial status if released from federal custody. Congress could have specified, for example, that the fact a defendant would be returned to another jurisdiction's custody is a factor weighing in favor of releasing that defendant from federal custody. Congress did not do so. Thus, I find the fact that Dimmick would return to SDDC custody upon release in this case to be largely irrelevant. I must apply the Section 3142(g) factors to him just as I would with regard to any other defendant.

Applying those factors, I find the Government has proved that no condition or combination of conditions imposed on Dimmick would reasonably assure his appearance or the safety of the community if he were to be released:

*The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm.* The indictment alleges that Dimmick, having previously been convicted of a felony offense, knowingly possessed five firearms on or about December 18, 2013. Doc. No. 2 at 1. According to the Pretrial Services report, Dimmick was on state court parole at the time of the alleged offense. This factor weighs in favor of detention.

*The weight of the evidence against the defendant.* Neither party presented evidence concerning the weight of the evidence against Dimmick. At this stage, then, my only information is that the Grand Jury was presented with sufficient evidence to find probable cause to believe that Dimmick committed the charged offense. Because that is always the case when a defendant is charged by indictment, this factor is neutral.

*The defendant's history and characteristics.* Dimmick's history is not good. While only 25 years old, his record dates back to the age of 14. As an adult, he has been convicted of a felony drug-related offense, misprision of a felony, assault, intentional damage to property, driving under the influence and failure to appear. He has also been found to have violated the terms of probation, has had a suspended sentence revoked and has had parole revoked. Indeed, he is currently in SDDC custody due to the revocation of parole. This variety of criminal offenses and violations of supervision requirements strongly supports the Government's position that Dimmick poses a risk of flight and a danger to the community, while also making it appear unlikely that Dimmick would comply with any conditions of release in this case.

*The nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.* Based on the indictment and the

 

information in the Pretrial Services Report, I find that Dimmick would pose a danger to the community at large due to his history of criminal activity, his involvement with controlled substances and his alleged ability to acquire multiple firearms (as charged in the indictment) despite being a convicted felon. This factor weighs in favor of detention.

For all of these reasons, I conclude that the Government has met its burden of showing that Dimmick should be detained in federal custody pending his trial.

## IV. CONCLUSION

For the reasons set forth herein, I hereby **deny** Dimmick's motion (Doc. No. 12) for release and grant the Government's request for pretrial detention, as follows:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
2. The Attorney General shall afford defendant reasonable opportunity for private consultation with counsel while detained.
3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.
4. If a "review" motion for revocation or amendment is filed, pursuant to 18 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must* (a) attach a copy of the release/detention order to the appeal; and (b) promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Dimmick must request such relief from the court.

**IT IS SO ORDERED.**