# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3731

_____

United States of America

*Plaintiff - Appellee*

v.

David Lynn Cirksena

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 15, 2019
Filed: January 30, 2019
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

David Lynn Cirksena is charged in an indictment with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Cirksena

appeals from a pretrial detention order entered by the district court pursuant to 18 U.S.C. § 3142(e). We have jurisdiction to review the merits of the detention order under 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. "We apply the clearly erroneous standard to factual findings of the district court but independently review the ultimate conclusion that detention is required because 'no condition or combination of conditions will reasonably assure the appearance of the person [at trial] and the safety of any other person and the community.'" United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (quoting 18 U.S.C. § 3142(e)).

After holding a detention hearing, the magistrate judge denied the government's motion for detention and ordered Cirksena released on conditions pending trial. On appeal to the district court, the court vacated the magistrate judge's release order and remanded Cirksena to the custody of the United States Marshals Service pending trial. The court supported its conclusion that Cirksena had not rebutted the presumption of detention set forth in 18 U.S.C. § 3142(e)(3) by relying primarily on the seriousness of the charged offenses, Cirksena's criminal history, his admission to engaging in unlawful activity during part of his term on probation, and his inability to remain law-abiding despite the support of his family.

While we see no clear error in the district court's factual findings, the district court failed to consider, either implicitly or explicitly, substantial evidence in the record militating against pretrial detention. In a report submitted to the court during the detention hearing, Cirksena explained to a mental health counselor that he began using marijuana "during the hippie days" for "fun" and "to focus better on tasks." Cirksena reported that as he aged he used marijuana for pain management. Similarly, Cirksena reported to his pretrial services officer that his marijuana usage began at age 19 and he has never received any substance abuse treatment. Despite Cirksena's long history of marijuana use, his criminal history is limited, includes no crimes of violence, and Cirksena was successfully discharged from probation for each prior offense.

Cirksena is 71 years old, suffers from arthritis and needs a new knee, and will again reside with his wife if granted pretrial release. Cirksena's first conviction was at age 61. In 2008, he was convicted of operating a motor vehicle while intoxicated. His criminal history also includes a 2012 felony drug conviction (marijuana) in Polk County, Iowa, and a 2014 felony drug conviction (marijuana) in Yavapai County, Arizona. The Iowa conviction resulted in a deferred judgment with two years of probation, which Cirksena successfully completed. The Arizona conviction resulted in a five-year term of probation, which Cirksena was successfully discharged from on November 22, 2016. The successful completion of Cirksena's prior sentences, which is some indication of Cirksena's ability to follow court-ordered conditions, was not a factor considered by the district court.

The district court also did not recognize Cirksena's supervising pretrial services officer's opinion that Cirksena was amenable to pretrial supervision on conditions. Those conditions related to not only supervision, but would help insure Cirksena remained law-abiding and did not flee the jurisdiction. His supervising officer recommended drug testing and treatment, travel restrictions, weapons restrictions, home visits, and a prohibition on obtaining a passport.

The court emphasized the presence of guns as a significant factor when determining dangerousness. It was undisputed at the detention hearing that the weapons have been seized are in the custody of the government. Further, the proffers made at the detention hearing raised questions as to ownership and purpose of the loaded handgun found in the office area in a locked drawer of Cirksena's home. According to Cirksena and his wife, the handgun belonged to Cirksena's son, who was involved in a domestic incident requiring removal from the son's possession. Questions were also raised about the long guns found in a basement closet. The law enforcement officer who testified at the detention hearing was unable to confirm the guns were in working order. According to a proffer made by defense counsel, the guns were inherited from Cirksena's dad and one of them was rusted and one was

-3-

manufactured by Sears & Roebuck Company.  Finally, the reliability and veracity of the purported confidential informant that generally and broadly stated that Cirksena carried a gun when picking up marijuana was called into question at the hearing. Cirksena's explanations and challenges to the government's evidence provide some indication that the weapons found inside his home pose less of a risk to the safety of the  community than the charges, on their face, suggest.

Upon our *de novo* review of the ultimate conclusion on whether detention is required, we find Cirksena has rebutted the presumption of detention.  Having met that threshold, based on this record, we conclude Cirksena does not fall "within the limited category of defendants whom Congress intended would be subject to pre-trial detention."   United States v. Warren, 787 F.2d 1237, 1239 (8th Cir. 1986) (McMillian, J., dissenting).  The intended class of pretrial detainees is "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."  Id. (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3189).

The offenses charged are serious.  As noted by the district court, they involve a large amount of marijuana, firearms, and repeated activity.  Cirksena faces a mandatory minimum term of imprisonment of 15 years on some of the counts.  But, in looking at the factors set forth in 18 U.S.C. § 3142(g) and considering whether Cirksena is one of the "particularly dangerous defendants" Congress contemplated, we note there is no evidence of violence.  The mere charged offenses, alone, are not enough to require pretrial detention.  Warren, 787 F.2d at 1239.  There is questionable evidence in this record regarding whether a weapon was ever used during the course of drug trafficking.  The weapons of concern are in the government's possession. Finally, when considering Cirksena's dangerousness and the ability to comply with

release conditions, Cirksena's successful completion of all prior terms of probation weighs in his favor.

On this record, we find Cirksena has presented sufficient evidence to rebut the presumption of detention. We further find the government failed to establish by clear and convincing evidence there is no condition or combination of conditions that could protect the public. Accordingly, we reverse the detention order and remand to the district court to consider conditions of release.

_____