# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2030

_____

United States of America,

        Appellee,

v.

Troy Kisling,

        Appellant.

\*
\*
\*     
\*   Appeal from the United
\*   States District Court for the
\*   District of Minnesota.
\*
\*
\*

_____

Submitted: June 6, 2003

Filed: July 1, 2003

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Troy Kisling (Kisling) appeals his pretrial detention. Kisling is charged with one count of conspiracy and multiple counts of mail fraud in violation of 18 U.S.C. §§ 371 and 1341 (2000). After hearing evidence and finding Kisling posed a risk of

flight, the magistrate judge[1] ordered Kisling's pretrial detention. On appeal of the pretrial detention order, the district court[2] affirmed.

Kisling requests we independently assess the merits of his application for release on bail pending trial. See United States v. Maull, 773 F.2d 1479, 1486-88 (8th Cir. 1985) (en banc). Kisling contends the magistrate judge and the district court erroneously determined the factual situation warranted pretrial detention.

Additionally, Kisling argues the magistrate judge's and the district court's opinions were erroneously based upon the wrong burden of proof. Specifically, Kisling argues the correct burden of proof for the government on the issue of detention based on risk of flight is clear and convincing evidence. Kisling is wrong.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Orta, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc) (internal footnotes omitted); see also 18 U.S.C. § 3142(c), (e)-(f).[3]

---

[1]The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[3]Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm. The statute specifies the burden for risk of harm, clear and convincing, but is silent with regard to flight risk, implying use of the standard used in other pretrial proceedings, preponderance of the evidence. See Orta, 760 F.2d at 891 n.20.

The magistrate judge determined Kisling was a risk of flight based on the following facts. Kisling's mother told federal agents that neither she nor any member of the family wishes to have continuing association with Kisling. Kisling was unemployed and had no substantial assets in the community. Kisling evaded service of process by the Federal Trade Commission (FTC) after he observed the June 2000 FTC raid of his business from across the street. Kisling failed to appear for a scheduled jury trial in a February 2001 domestic assault charge, for which a bench warrant remained outstanding at the time of the detention hearing. In December 2002, when federal agents went to Kisling's apartment to serve his arrest warrant he failed to open the door, requiring agents to procure a key from the apartment manager.

Based on the above facts, the magistrate judge determined Kisling had attenuated community ties and a history of fleeing his legal troubles. Kisling attempted to supplement the evidence adduced at the detention hearing by attempting to secure employment and family support from jail and by explaining the circumstances surrounding events relied upon by the magistrate judge. However, the magistrate judge's opinion remained unchanged. The district court agreed with the magistrate judge. After reviewing the district court's order, we agree the government met its burden to show by a preponderance of the evidence that no condition or set of conditions would reasonably assure Kisling's appearance for trial. Therefore, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-