VICTOR MARRERO, United States District Judge.
*252 Defendant Lloyd Kidd ("Kidd") is charged with four counts of commercial sex act exploitation and one count of producing child pornography. (See "Second Superseding Indictment," Dkt. No. 53.) The trial of Kidd is scheduled to begin before the Court on July 8, 2019. In connection with the upcoming trial, the Government filed motions in limine seeking both to preclude the introduction of certain evidence or arguments and to admit certain other evidence. (See "Government Motion," Dkt. No. 35.) Specifically, the Government seeks to preclude the admission of: (1) evidence of victims' other sexual behavior; (2) any defense predicated on the minor victims' consent to be sexually trafficked; and (3) any reference to the consequences Kidd faces if convicted. Separately, the Government seeks to allow the admission of (1) Kidd's alleged trafficking of other individuals and drugs; and (2) reconstructed summary charts of advertisements Kidd allegedly posted on the website Backpage.com. Finally, the Government requests that the minor victims be permitted to testify under pseudonyms.
Kidd opposes some of these motions as premature and claims that much of the evidence the Government seeks to introduce is inadmissible. (See "Opposition," Dkt. No. 47.) Specifically, Kidd argues that it would be premature to constrain his defense before trial. Similarly, Kidd "reserve[s] the right to cross examine" the minor witnesses in ways that might elicit their real names, consistent with the Sixth Amendment. Kidd objects to the admission of any reconstructed summary of the Backpage.com advertisements if the testifying law enforcement witness introducing the advertisements did not see them as they originally appeared on the website. Separately, although the Government did not ask for a pretrial ruling on the admissibility of the firearm found in Kidd's safe during a search of his apartment on the day of his arrest, Kidd seeks to preclude the admission of the firearm.
For the following reasons, the Government Motion is GRANTED in part.
I. DISCUSSION
A. EVIDENCE OF VICTIMS' OTHER SEXUAL BEHAVIOR
Federal Rule of Evidence 412 (" Rule 412") provides that in "cases involving sexual misconduct," the following evidence is inadmissible: (1) "evidence offered to prove that a victim engaged in other sexual behavior;" and (2) "evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a).
Rule 412 provides certain exceptions to this general prohibition in criminal cases. First, "evidence of specific instances of a victim's sexual behavior" may be offered to prove that someone other than the defendant was the source of "physical injury." Fed. R. Evid. 412(b)(1)(A). Second, "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct" may be offered to prove consent. Fed. R. Evid. 412(b)(1)(B). And third, evidence may be offered if its "exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C).
The Government argues that none of the three exceptions apply to Kidd's case. (See Government Motion at 10-13.) First, the Government correctly notes that the first exception is inapplicable in this case based on the charges and type of proof the *253 Government intends to present. Second, the Government argues that the consent exception is inapplicable for two reasons. Regarding the minor victims, the Government presents case law consistently holding that as a matter of law minors cannot consent to sexual abuse or exploitation. (See id. at 12 (citing United States v. Corley, 679 F. App'x 1, 4 (2d Cir. 2017) ; United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ).) Regarding the non-minor victims, the Government argues that consent is "factually irrelevant" when the defendant is alleged to have used any form of "force, threats of force, fraud, and coercion." (Id. ) Finally, the Government argues that the exception for constitutional rights is inapplicable because evidence of the victims' other sexual conduct has "no or vanishingly little probative value." (Id. at 13.)
Kidd concedes that several of these exceptions are inapplicable. For example, Kidd is "not aware ... of any of the sexual history of any of the witnesses." (Opposition at 2.) Further, Kidd "agrees that there is no 'consent' defense to a crime of sexual exploitation of minors." (Id. ) Ultimately, Kidd contends that the defense strategy will "scrupulously avoid violating" Rule 412, but cautions that it would be premature to issue a ruling precluding certain defenses. (Id. at 2.)
Courts commonly extend the application of Rule 412 to sex trafficking cases. See, e.g., United States v. Graham, No. 14 Cr. 500, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015). Kidd does not object to the application of Rule 412 in this case, and the Court is persuaded that this extension is proper and will apply Rule 412 accordingly.
In applying Rule 412 in this case, the Court will strictly enforce its edicts during the trial and agrees with the Government that the exceptions are unlikely to arise. Nevertheless, and in light of Kidd's representations and concessions, the Court reserves ruling on the Government's request until trial. Some of the Government's arguments are based upon factual predicates that need to be developed at trial before the Court can issue a ruling. For example, while perhaps unlikely, if it appears that none of the victims are minors, and there is no testimony of force or coercion, then a consent defense may become viable, and evidence may be offered in support of that defense.
Therefore, the Court reserves ruling on the Government Motion regarding the preclusion of the victims' other sexual behavior until trial.
B. DEFENSE PREDICATED ON THE MINOR VICTIMS' CONSENT
The Government seeks to prevent Kidd from offering any defense or argument that the minor victims "consented to being trafficked or sexually exploited." (Government Motion at 16.) Because, as mentioned above, Kidd agrees that there is no consent defense regarding minor victims, the Court grants the Government Motion as to this request. The Court may revisit the ruling if at trial the Government does not establish the necessary factual predicates for its objection.
C. REFERENCE TO THE CONSEQUENCES KIDD FACES IF CONVICTED
The Government moves to preclude Kidd from raising at trial the penalties he faces if convicted by the jury. Kidd responds that he "has no intention of introducing evidence regarding punishment" that he might face. (Opposition at 3.) Therefore, the Court grants the Government Motion regarding this request.
*254 D. EVIDENCE REGARDING KIDD'S ALLEGED TRAFFICKING OF OTHER INDIVIDUALS AND DRUGS
Federal Rule of Evidence 404(b) ("404(b)") prohibits the introduction of evidence of crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, such evidence "may be admissible" to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).
Evidence of an uncharged crime or bad acts is not subject to the Rule 404(b) analysis, however, if it (1) "arose out of the same transaction or series of transactions as the charged offense," (2) "[is] inextricably intertwined with the evidence regarding the charged offense," or (3) "is necessary to complete the story of the crime [on] trial." United States v. Gonzalez, 110 F.3d 936, 942 (2d Cir. 1997) (quoting United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) ). Such evidence need not "directly establish an element of the offense charged," but rather, it can "provide background" for the alleged events, and it may be admitted to show "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (quoting United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988) ).
At trial, the Government seeks to introduce evidence regarding Kidd's alleged drug trafficking, for the purpose of showing that Kidd supplied drugs to the victims as a means to control or coerce them. (See Government Motion at 19-20.) Kidd concedes that this evidence is relevant and probative "to the extent that the Government can elicit a factual basis" that Kidd used the drugs to control or coerce the victims. (Opposition at 4.) The Court agrees.
Similarly, the Government seeks to introduce evidence of Kidd's trafficking of individuals other than the victims in part to show "a climate of fear and humiliation" that characterized the victims' relationship with Kidd. (Government Motion at 21.) Again, Kidd concedes such evidence is relevant and probative to the extent that these actions "affected [the witnesses] or their relationship with" Kidd. (Opposition at 4.) Again, the Court agrees.
For these reasons, the Court grants the Government Motion regarding this request, provided that at trial the Government show the necessary factual predicates.
E. RECONSTRUCTED SUMMARIES OF ADVERTISEMENTS POSTED ON BACKPAGE.COM
According to the Government, Kidd posted online advertisements for commercial sex services on a website called Backpage.com. Backpage.com no longer exists. In 2018, the Government shut down its operations and seized its servers. The Government has allegedly extracted certain data from those servers about Kidd's advertisements and seeks to admit during trial reconstructed versions of the advertisements using that data.
The Government argues that Federal Rule of Evidence 1006, which permits the admission of voluminous evidence in summary form, see Fed. R. Evid. 1006, allows for the admission of these reconstructed advertisements. The Government expects a law enforcement witness to testify about the data extraction from the Backpage.com servers and the relevance of that data to *255 the charges against Kidd. The Government has provided Kidd with the underlying materials that make up the reconstructed website advertisements. (See Government Motion at 23-25.) The Government has offered these types of reconstructions in related sex trafficking cases. (See "Government Reply," Dkt. No. 55, at 6.)
Kidd objects that if the Government cannot produce a witness who saw the actual advertisements when originally posted, the Government should be required to produce an expert witness to testify about the reconstruction. Further, Kidd asks that the Court compel the Government to provide drafts of the reconstructed advertisements immediately so that he may investigate their accuracy. (See Opposition at 5.)
The Court is persuaded that the Government should be permitted to introduce reconstructions of the advertisements, as long as the Government provides the proposed reconstructions to Kidd in advance of trial, and the jury is properly informed as to their origins. The Government already intends to offer the testimony of a witness who will describe the data extraction process. Further, Kidd already possesses the contents that will make up the reconstructions. Kidd objects to the accuracy of the information in the reconstructions, rather than the format of its presentation. Kidd's concern can be addressed by the prompt production and his review of the exhibits the Government intends to introduce.
Therefore, the Court grants the Government Motion regarding this request. The Government must produce the proposed advertisement reconstructions to Kidd by Monday, July 1, 2019.
F. MINOR VICTIMS TO TESTIFY UNDER PSEUDONYMS
The Government requests that minor victims be allowed to testify under pseudonyms, consistent with the practice of other courts in this district and as expressly permitted by 18 U.S.C. Section 3509(d)(3). (See Government Motion at 18.) Kidd claims to "reserve the right to cross examine" the minor victims "in a way that could elicit the witness's real names." (Opposition at 2.) Kidd argues, without further elaboration, that the Sixth Amendment permits this questioning if it is "probative of the [victims'] veracity." (Id. )
It is well established that permitting witnesses to testify anonymously does not violate a defendant's Sixth Amendment rights. See, e.g., Nelson v. Crowley, No. 07 Civ. 849, 2009 WL 498909, at *5 (S.D.N.Y. Feb. 23, 2009) (collecting cases). Of course, if the Government never produces the victims' real names with its production of 18 U.S.C. Section 3500 material, there may be a Sixth Amendment violation. See United States v. Corley, No. 13 Cr. 48, 2016 WL 9022508, at *4 (S.D.N.Y. Jan. 15, 2016). But the right to know the victims' identity is separate from whether the victims may testify at trial anonymously.
The Court is persuaded that, to protect the minor victims, they should be permitted to testify under pseudonyms and that such anonymous testimony does not violate Kidd's Sixth Amendment rights. Therefore, the Court grants the Government Motion regarding this request.
G. KIDD'S REQUEST TO PRECLUDE THE ADMISSION OF A FIREARM
The Government Motion includes a list of evidence that the Government "expects to introduce" at trial. (See Government Motion at 8.) Among that evidence is a firearm allegedly recovered from the search of Kidd's safes on the day of his arrest. The Government did not otherwise reference the firearm in the Government *256 Motion or seek a pretrial ruling as to its admissibility.
Kidd's motions in limine (see Dkt. No. 36), addressed by the Court in a separate Order, do not seek a pretrial ruling as to the admissibility of the firearm either. However, in the Opposition, Kidd seeks for the first time to preclude the admission of the firearm that the Government references in its list of its anticipated evidence.
In response to Kidd's argument, the Government asks that the Court admit the firearm and summarizes testimony it expects to elicit at trial regarding what the victims knew of Kidd's use of firearms. (See Reply at 3-4.)
As in the case of Kidd's alleged trafficking of drugs and other individuals, the Court is persuaded that, assuming the Government can lay sufficient factual predicates, the evidence of the firearm is probative on the element of force or coercion at issue here. Therefore, the Court denies Kidd's request to preclude admission of the evidence of the firearm and reserves judgment until the Government seeks to introduce it at trial.
II. ORDER
For the reasons stated above, it is hereby
ORDERED that the motions in limine of the Government (Dkt. No. 35) are GRANTED IN PART. Specifically, the Court: (1) reserves judgment on the Government's motion to preclude evidence under Federal Rule of Evidence 412 ; (2) grants the Government's motion to preclude any evidence regarding the minor victims' consent to be trafficked; (3) grants the Government's motion to preclude evidence of any consequences defendant Lloyd Kidd ("Kidd") may face if convicted; (4) grants the Government's motion to introduce evidence regarding Kidd's alleged trafficking of drugs and other victims; (5) grants the Government's motion to introduce evidence regarding reconstructed online advertisements allegedly associated with Kidd, as long as the proposed exhibits are provided to Kidd by Monday, July 1, 2019; (6) grants the Government's motion to permit the minor victims to testify anonymously; and (7) denies Kidd's request to preclude the evidence of the firearm found in the safe of his apartment.
SO ORDERED.