# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2821

_____

United States of America

*Plaintiff - Appellee*

v.

Tan Fong Vang

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 24, 2019
Filed: October 11, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tan Fong Vang was indicted with conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). After a detention hearing, the magistrate judge ordered Vang to be released pending

trial with a $25,000 bond and other conditions. The government appealed and the district court[1] reversed.

Vang appeals from the pretrial detention order entered by the district court pursuant to 18 U.S.C. § 3142(e). We have jurisdiction under 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. "We apply the clearly erroneous standard to factual findings of the district court but independently review the ultimate conclusion that detention is required because 'no condition or combination of conditions will reasonably assure the appearance of the person [at trial] and the safety of any other person and the community.'" United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991) (quoting 18 U.S.C. § 3142(e)).

Where, as here, a defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" or an offense under 18 U.S.C. § 924(c), a rebuttable presumption exists in favor of detention if the district court finds probable cause that the defendant committed the alleged crimes. See 18 U.S.C. § 3142(e)(3)(A),(B). A defendant has the "burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." U.S. v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). However, a district court may order detention nonetheless after considering the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the seriousness of the danger to the community. Id.

At the outset, the district court found probable cause that Vang committed the acts charged. The district court next found that the evidence in Vang's pretrial services report – and the fact that the firearm at issue had been seized by law enforcement and was no longer in Vang's custody – was sufficient to rebut the

<hr>

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

statutory presumption in favor of detention.  After considering the factors set forth in section 3142(g), however, the district court determined Vang's release would pose a serious danger to the community.  In support of this determination, the district court noted that the weight of the government's evidence appeared very strong, that Vang lacked candor in his bond interview, and that he lacked employment or a plan for release.  Law enforcement also found marijuana plants growing on a property owned by Vang in California – a fact that Vang failed to disclose to the interviewing probation officer.

We find that the district court's findings of fact are not clearly erroneous, and our independent review supports the order of detention.  The judgment is affirmed.

_____