# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3147
_____

United States of America

*Plaintiff - Appellee*

v.

Ramona Cook

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 20, 2023
Filed: December 7, 2023

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

Ramona Cook has been charged with arson in violation of 18 U.S.C. § 844(i). After a detention hearing conducted as part of her initial appearance and arraignment, the magistrate judge[1] issued a pretrial detention order under 18 U.S.C. § 3142, a

_____

[1]The Honorable Rodney H. Holmes, United States Magistrate Judge for the Eastern District of Missouri.

section of the Bail Reform Act of 1984. See United States v. Salerno, 481 U.S. 739, 742 (1987). The district court,[2] conducting *de novo* review, agreed that a preponderance of the evidence demonstrates that Cook presents a serious risk of flight if she is released, § 3142(f)(2)(A), and that "no condition or combination of conditions will reasonably assure the appearance of [Cook] as required and the safety of any other person and the community," § 3142(e)(1). Cook has filed an interlocutory expedited appeal challenging the detention order. See § 3145(c); Fed. R. App. P. 9(a). "We apply the clearly erroneous standard to factual findings of the district court but independently review the ultimate conclusion that detention is required." United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991); accord United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). We affirm.

**I.**

On December 22, 2022, Cook was fired from her job at a St. Louis hotel for being intoxicated at work. Police were called to escort Cook from the hotel property. The government alleges that she soon returned and started seven separate fires in stairwells of the hotel, which was then occupied by some 400 guests. In May 2023, Cook was charged by indictment with maliciously damaging and destroying the hotel by means of fire in violation of 18 U.S.C. § 844(i). That same day, the government filed a Motion for Pretrial Detention and Hearing.

Section 3142(e)(1) provides that the presiding judicial officer "shall order" pretrial detention if the officer finds, "after a hearing pursuant to the provisions of subsection (f)," that "no condition or combination of conditions will reasonably assure the appearance of [Cook] as required and the safety of any other person and the community." As relevant here, subsection 3142(f) provides:

---

[2]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

[t]he judicial officer shall hold a [detention] hearing . . . (2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves --

> (A) a serious risk that such person will flee; or

> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

Subsection (g) sets forth factors the judicial officer shall consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Cook appeared with counsel before the magistrate judge on June 28 for her initial appearance, arraignment, and the detention issue. The government requested a detention hearing, invoking § 3142(f)(2)(A) as the basis for the hearing. Cook, through counsel, argued "that a detention hearing cannot even be held" because she did not pose a "serious risk of flight." The magistrate judge then asked for the pretrial services office's position. The pretrial services officer stated that her office was "preliminarily recommending" detention but had not completed its pretrial services report. The magistrate judge, without objection, continued the proceeding for two days to allow pretrial services to complete its report.[3]

---

[3]§ 3142(f) provides that the detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance." However, "[a] fair reading of the statute is not that a detention hearing must be held 'immediately' when a defendant first appears in court . . . but rather that once a motion for pretrial detention is made, a hearing must occur promptly thereafter." United States v. Maull, 773 F.2d 1479, 1483 (8th Cir. 1985) (en banc); accord United States v. Montalvo-Murillo, 495 U.S. 711, 717 (1990) ("[A] failure to comply with the first appearance requirement does not defeat the Government's authority to seek detention of the person charged.").

The Pretrial Services Report was completed on June 29 and distributed before the detention proceedings resumed on June 30. The Report includes detailed findings regarding Cook's residence, family ties, employment history, financial resources, health and mental health, and criminal history. The Report concludes that no condition or combination of conditions will reasonably assure Cook's appearance as required and the safety of other persons and the community because:

-- the underlying federal offense presents a danger to the community;

-- a suspended sentence was imposed by a Missouri state court in 2018 for a charge of drug distribution, probation was suspended in December 2020 because Cook absconded, and she has not reported to the Missouri Board of Probation and Parole for three years. She committed the underlying federal offense while under supervision for this prior offense;

-- Cook has a history of failing to appear, including being arrested for a felony Failure to Appear;

-- she "has a pending charge in St. Louis City for Resisting/Interfering with Arrest for a Felony and Assault 3rd Degree-Special Victim";

-- she has an arrest for an offense involving a weapon and arrests or charges that are violent in nature;

-- she "has ties outside of the Eastern District of Missouri" and "a criminal history in Texas and Missouri, making her a multi-state offender";

-- she "was the respondent in three Orders of Protection filed by the father of one of her children";

-- she has no property ownership in the District and a history of unstable housing;

-- she has a substance abuse history and a mental health history that, if left untreated, "may impair her ability to remain abreast of her Court appearances."

At the outset of the resumed hearing, the magistrate judge stated that the "threshold" issue was whether Cook poses a serious risk of flight "under Section (f)" and adopted the factual findings in the Pretrial Services Report, to which Cook did not object. The government argued that its initial concerns based on Cook's lack of stable housing, homelessness, and lack of employment history "have only grown" with the Pretrial Services Report. The probation absconding summarized in the Report shows "a serious risk that she's not going to comply with the Court's orders." She was on probation and stopped contacting her probation officer, which led to probation being suspended. In response, defense counsel emphasized Cook's recurring mental health issues, noted her absconding occurred during the height of the pandemic, and pointed to her current stable housing. Counsel argued that, given these mitigating factors, the government had not established a *serious* risk of flight and therefore a detention hearing *could not be held.*

The magistrate judge agreed that a "serious risk of flight" is "above and beyond just the person might not show up." However, "what we have here is she's absconded for three years. And I know you gave a lot of reasons for that, but the bottom line is she's been gone for three years. She's an absconder right now as she sits in my courtroom." Thus, the magistrate judge concluded, the government has met its burden under § 3142(f)(2)(A) "and we can just move on to the ultimate issue of whether she's going to be detained or given a bond." Defense counsel objected and stated that Cook would appeal this ruling. The magistrate judge then adopted the § 3142(e)(1) conclusions in the Pretrial Services Report -- that setting fire in the stairwells of a hotel full of people shows that Cook poses a danger to the community,

and the strength of the government's case plus her history of absconding and failures to appear show that no conditions would reasonably assure Cook's appearance and the safety of the community -- and ordered Cook detained after considering the factors set forth in § 3142(g).

Cook appealed to the district court by filing a Motion to Revoke Prior Detention Order as Detention is Not Authorized Under the Bail Reform Act. Cook argued the government failed to present evidence establishing a serious risk of flight; therefore, the detention order should be revoked and the court should find that reasonable conditions are available to reasonably assure Cook's appearance and the safety of the community.

In an eleven-page written order, the district court recited the factual and procedural background in detail and observed that the § 3142(g) detention factors "are relevant to determining whether Defendant presents a serious risk of flight and if there are conditions of release that will reasonably assure Defendant's appearance." Applying the facts to the relevant considerations *de novo*, the district court denied Cook's motion to revoke the detention order and ordered that she remain in custody:

> the Court finds by a preponderance of the evidence that [Cook] presents a serious risk of flight or nonappearance if she were released. See 18 U.S.C. § 3142(f)(2)(A). Based primarily on [Cook's] history and characteristics, but considering all of the relevant factors, the Court does not believe any condition or combination of conditions will reasonably assure [Cook's] appearance.

## II.

On appeal, Cook argues the district court "ignored the threshold inquiry" of whether a detention hearing should have been held at all under § 3142(f)(2)(A), "improperly fusing it with the subsequent detention hearing and its factors to be

considered under 3142(g)." Therefore, we should order Cook's immediate release from custody or remand for a properly conducted hearing. We disagree.

While we agree the government has the burden to show that the case "involves" one of the circumstances defined in § 3142(f)(1) or (2), we have never held that a detention order may not be entered unless the judicial officer conducts the rigid "two-step inquiry" urged by Cook. There are good reasons to reject this contention. First, as the statute directs, pretrial detention is an issue that should be resolved at the outset of the criminal case. Delay either keeps a person in post-arrest detention that may be unnecessary, or keeps a person who should be detained prior to trial at large in the community. *Requiring* the judicial officer to conduct a § 3142(f)(2)(A) hearing and then a second § 3142(e)(1) hearing is in our view both a waste of judicial resources and contrary to the Bail Reform Act's purposes. Second, the two inquiries, while not identical, substantially overlap. As the district court noted, the § 3142(g) factors, which govern the § 3142(e)(1) inquiry, are relevant both "to determining whether Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." See Santos-Flores, 794 F.3d at 1090.

Here, the magistrate judge permissibly conducted the two inquiries in a single detention hearing. We reject Cook's assertion that the district court *failed to conduct* a § 3142(f)(2)(A) inquiry into whether the government established a serious risk of flight. In denying Cook's Motion to Revoke Prior Detention Order, the district court expressly "[found] by a preponderance of the evidence that [Cook] presents a serious risk of flight or nonappearance if she were released. See 18 U.S.C. § 3142(f)(2)(A)." By including a reference to the risk of nonappearance, a critical § 3142(e)(1) issue, the district court clarified that it had separately considered two issues, risk of flight and risk of nonappearance.

The district court reviewed the magistrate judge's order *de novo*. See Maull, 773 F.2d at 1481-82. Reviewing without deference does "not require[] [the district court] to start over in every case, and proceed as if the magistrate's decision and findings d[o] not exist." United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990). If the district court agrees fully with the magistrate's order and reasons, it may adopt the order. United States v. Femia, 983 F.2d 1046, at *4 (1st Cir. 1993) (unpublished) (citations omitted); accord United States v. King, 849 F.2d 485, 490 (11th Cir. 1988); United States v. Vortis, 785 F.2d 327, 329 (D.C. Cir. 1986). Here, the district court reviewed the same record and factual findings and agreed fully with the magistrate judge's decision. Adopting that decision "obviate[d] the need for the district court to prepare its own written findings of fact and statement of reasons." King, 849 F.2d at 490.

## III.

Cook further argues that the government's "evidence is insufficient" to establish that she is a serious flight risk. Based on our *de novo* review of the above-summarized risk factors described in the Pretrial Services Report, we agree with the district court and the magistrate judge that Cook poses a serious risk of flight.

Cook absconded from probation for three years, leaving the jurisdiction in which she had been ordered to report to probation. Her status as an absconder and her history of failing to appear weigh heavily in favor of finding "a serious risk that such person will flee," § 3142(f)(2)(A). Not surprisingly, other courts have found a defendant's previous abscondment highly relevant in assessing risk of flight. See United States v. Anderson, 177 F. Supp. 3d 458, 466 (D.D.C. 2016). Cook is charged with committing a serious federal offense that endangered the safety of 400 people, while she was under supervision for a prior drug distribution charge. She faces a potentially lengthy prison sentence if convicted. As she has not served a prison term before, and has a criminal history in Texas as well of Missouri, the serious risk of

flight and nonappearance is obvious. See United States v. Abad, 350 F.3d 793, 799 (8th Cir. 2003); United States v. Stenger, 536 F. Supp. 2d 1022, 1026 (S.D. Iowa 2008). Her mental health history, while mitigating in some respects, may also impair her ability to make required appearances and avoid unsafe conduct. Her recent efforts to address these issues and obtain stable, independent housing are commendable but do not overcome the numerous facts that weigh in favor of a serious-risk-of-flight determination. See United States v. Campbell, No. 17-CR-7, 2021 WL 1733395, at *5 (E.D. Wis. May 3, 2021).

As we have discussed, while the § 3142(e)(1) and (g) inquiry is not identical to the § 3142(f)(2)(A) inquiry, many of the same considerations apply. To the extent that § 3142(f)(2)(A) requires a more *serious* risk of flight, we have that here. Thus, we agree with the district court that the government met its burden to establish by a preponderance of the evidence that Cook presents a serious risk of flight.

The district court's Order of Detention Pending Trial dated July 5, 2023, is affirmed. We grant Cook's motion to seal and the government's motion to file an overlength response and to seal the response.

_____